**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**AARON WELCH, SR.**

                                **Plaintiff,**

  vs.                                                     5:18-cv-00461
                                                              (MAD/ATB)

**SUSAN FITZGERALD,** *individually, and in her capacity as a social worker for the Schenectady County Department of Social Services*;
**SUSANA HURLEY,** *individually, and in her capacity as a social worker for the Schenectady County Department of Social Services*;
**AMY HOCHMUTH,** *individually, and in her capacity as a social worker for the Schenectady County Department of Social Services*;
**DENISE RIGGI,** *individually, and in her capacity as Chief Clerk of the Schenectady County Family Court*;
**LAWRENCIA COLON,** *individually, and in her capacity as the deputy Clerk of the Schenectady County Family Court*; **COUNTY OF SCHENECTADY,** *New York*,

                                **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**AARON WELCH, SR.**
14-B-0149
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff commenced this action *pro se* on April 16, 2018 alleging civil rights violations

and requesting to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 1, 5. Plaintiff claims that

Defendants violated his due process and equal protection rights by denying him visitation with his children while he is incarcerated, refusing to provide him with the addresses of his children, and failing to investigate his concerns about his children being abused. *See* Dkt. No. 1 at ¶¶ 25-31.

On May 16, 2018, Magistrate Judge Andrew T. Baxter issued an Order and Report-Recommendation granting Plaintiff's IFP application, and recommending that the Complaint be dismissed and Plaintiff be granted sixty days to amend his Complaint. *See* Dkt. No. 8 at 21-22.

Plaintiff filed his Objections to Order and Report Recommendation on May 25, 2018. *See* Dkt. No. 9. Plaintiff appears to challenge two statements from the Order and Report-Recommendation: first, that any amended complaint "may not incorporate facts or claims from the original complaint," and second, that the Order and Report-Recommendation "reached no conclusions regarding the applicability for equitable tolling." *See id.* at 1.

## II. DISCUSSION

### A. Standard of Review

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards pro se litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's "objections" are so general that they do not actually object to the Order and Report-Recommendation. As such, the Court will review the Order and Report-Recommendation for clear error. *See Scipio v. Keane*, No. 95-CV-2732, 1997 WL 375601, *1 (S.D.N.Y. July 7, 1997) (when objections fail to address analysis directly, court reviews report-recommendation for clear error); *see also Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, *2 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999) (collecting cases about general objections).

**B.      Incorporating Facts in an Amended Complaint**

Plaintiff's request to "incorporate facts from the original complaint in order to support a new claim in the forthcoming amended complaint" is not an objection to the Order and Report-Recommendation. *See* Dkt. No. 9 at 1. The Northern District's Local Rule 7.1(a)(4) prohibits a party from incorporating "any portion of its prior pleading into the proposed amended pleading by reference" because an "amended complaint must be a complete pleading that supercedes the original." *See* Dkt. No. 8 at 21; N.D.N.Y.L.R. 7.1(a)(4). This requirement does *not* prevent a plaintiff from relying on the facts cited in the original complaint in his amended complaint. Rather, it only requires that the plaintiff treat the new complaint as a standalone document.

3

Therefore, Plaintiff may continue to rely on facts from his original complaint, as long as he restates those facts in the amended complaint.

**C.     Equitable Tolling**

Plaintiff's argument that the Order and Report-Recommendation "reaches no conclusions regarding the applicability for equitable tolling" is likewise not an objection. *See* Dkt. No. 9 at 1. Magistrate Judge Baxter did not address the doctrine of equitable tolling because he did not recommend that any claims be dismissed as untimely. Instead, he found that even if all of Plaintiff's claims are timely, they should still be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for judicial immunity or failure to state a claim.

**D.     Analysis of the Order and Report-Recommendation**

The Court finds no clear error in Magistrate Judge Baxter's determinations. First, Defendants Riggi and Colon have judicial immunity as clerks of the Schenectady County Family Court, so the claims against them should be dismissed with prejudice. *See* Dkt. No. 8 at 16-18. Second, Plaintiff has not adequately pleaded that Defendants Fitzgerald, Hurley, and Hochmuth deprived him of a due process right regarding his children because (i) Plaintiff's visitation rights were terminated by the May 2013 court order, not by any action by Defendants Fitzgerald, Hurley, and Hochmuth; (ii) Plaintiff does not have a protected property or liberty interest in the initiation of a investigation into allegations of abuse of his children; and (iii) Defendants Fitzgerald, Hurley and Hochmuth's conduct was not so outrageous as to rise to the level of a substantive due process claim. *See id.* at 8-12. Third, the Court agrees with Magistrate Judge Baxter that Plaintiff has alleged only speculative conclusions without sufficient basis in fact to support his claim that his equal protection rights were violated by a failure to provide sufficient services. *See id.* at 14. Finally, the Order and Report-Recommendation correctly rejects

4

municipal liability against the County of Schenectady because Plaintiff offers no support for his conclusion that unresponsive and unhelpful behavior in the municipality is a "common practice" that is "widely used." *See id.* at 15-16.

### III. CONCLUSION

Having carefully reviewed the May 16, 2018 Order and Report-Recommendation and the May 25, 2018 Objections, the Court finds that Magistrate Judge Baxter correctly determined that the claims against Defendants Riggi and Colon should be dismissed with prejudice and that the claims against Defendants Fitzgerald, Hurley, Hochmuth, and County of Schenectady should be dismissed without prejudice for failure to state a claim. Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's May 16, 2018 Order and Report-Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as against Defendants Riggi and Colon pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** as against Defendants Fitzgerald, Hurley, Hochmuth, and County of Schenectady pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; and the Court further

**ORDERS** that Plaintiff is granted **SIXTY (60) DAYS** from the date of this Memorandum-Decision and Order to submit a proposed amended complaint for review; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Baxter for review of the amended complaint; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within sixty (60) days of the date of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment in

Defendants' favor without further order of this Court and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 4, 2018
      Albany, New York

                                                   Mae A. D'Agostino
                                                   U.S. District Judge